UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE D. JACKSON,<br><br>          Plaintiff,<br><br>     v.<br><br>DAVE DAVEY, et al.,<br><br>          Defendants. | CASE NO. 1:14-cv-1311-LJO-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

Plaintiff's complaint is before the Court for screening.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff is incarcerated at Corcoran State Prison ("CSP"), where the acts giving rise to his complaint occurred. He names the following individuals as Defendants: (1) Warden Dave Davey, and (2) Correctional Plant Manager II Marshall Fechner.

Plaintiff's allegations may be summarized essentially as follows:

Beginning on September 27, 2012, and continuing for the following twenty months, Plaintiff was housed in a dorm contaminated with hazardous material that affected his medical condition. Plaintiff slept in the dorm and inhaled hazardous material. He was prescribed steroids as a result.

Plaintiff filed numerous medical and other requests regarding these conditions without a satisfactory response. On June 6, 2013, he filed a grievance, which was partially granted on August 19, 2013. On September 4, 2013, a California Department of Corrections and Rehabilitation ("CDCR") official performed an inspection, confirmed the existence of debris and dust throughout the dorm, and recommended implementation of a cleaning protocol. The CDCR official did not take any samples for testing.

On October 4, 2013, Chief Deputy Warden Tim Perez granted Plaintiff's grievance and ordered cleanup of the dorm to begin no later than November 5, 2013. Soon thereafter, a plant operation employee attempted to clean the dorm but particles became airborne and affected Plaintiff and other occupants of the dorm. The cleanup was discontinued by the Second Watch Facility Sergeant. The plant operation employee did not return or perform any additional work.

Plaintiff appealed his grievance to the third level. The appeal was denied based on false statements made by Defendant Fechner that the cleanup had already been completed.

Defendant Fechner failed to remove hazardous material from Plaintiff's dorm when Plaintiff's appeal was granted. Defendant Davey acted with deliberate indifference to prison conditions that exposed Plaintiff to an unreasonable risk of serious harm by housing him in the contaminated dorm.

Plaintiff seeks injunctive relief and compensatory and punitive damages.

## IV. ANALYSIS

### A. Linkage

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff's allegations do not indicate that Defendant Davey had knowledge of the alleged hazardous conditions. Plaintiff does not link Defendants Davey to any alleged constitutional violation. Plaintiff will be given leave to amend his complaint. If he chooses to do so, he must show that Defendant Davey participated in the violations, or knew of the violations and failed to act.

### B. Conditions of Confinement

Plaintiff alleges that Defendant Fechner subjected him to a risk of harm by (1) falsely stating to appeal reviewers that the cleanup of Plaintiff's dorm was completed; and (2) failing to remove hazardous material from Plaintiff's dorm once Plaintiff's appeal was granted.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th

Cir. 2006) (citations omitted). To determine whether the conditions of Plaintiff's confinement constituted cruel and unusual punishment, the Court must assess whether Plaintiff was deprived of the "minimal civilized measure of life's necessities." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). To state a claim for threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Farmer, 511 U.S. at 834; Frost, 152 F.3d at 1128. To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Plaintiff has not sufficiently alleged that he was exposed to inhumane conditions of confinement or a substantial risk of harm. He does not identify the material he was exposed to nor explain why it was hazardous.

Even if Plaintiff had properly alleged inhumane conditions of confinement, he still must allege further facts to state a claim against Defendant Fechner. Plaintiff alleges that Defendant Fechner made false statements in response to Plaintiff's third level appeal. This allegation implies that Defendant Fechner made a knowing misstatement. However, Plaintiff has not alleged any facts to support a conclusion that Defendant Fechner's statements were purposefully misleading, as opposed to merely incorrect. See Twombly, 550 U.S. at 570 (plaintiff must allege sufficient facts to "nudge their claims across the line from conceivable to plausible"). Without more, the Court cannot determine whether

Defendant Fechner's statements reflect purposeful interference with measures to abate a risk to Plaintiff's safety.

Plaintiff also alleges that Defendant Fechner did not remove hazardous material from Plaintiff's dorm once his appeal was granted. However, Plaintiff's allegations do not reflect that Defendant Fechner was aware of the results of Plaintiff's appeal or responsible for taking action once the appeal was granted. Plaintiff has not sufficiently alleged a claim for deliberate indifference on this basis.

Plaintiff will be given leave to amend. If he chooses to do so, he must allege facts to show that Defendant Fechner knew of, but disregarded, an excessive risk to Plaintiff's safety.

### C.    Injunctive Relief

Plaintiff requests unspecified injunctive relief.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20). The Court does not have jurisdiction to order injunctive relief which would require directing parties not before the Court to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Plaintiff's allegation that he was housed in the contaminated dormitory for twenty months beginning in September 2012 indicates that he is no longer housed there. Plaintiff does not allege he is in danger of being rehoused in the contaminated dorm.

Accordingly, any request for injunctive relief relating to Plaintiff's dormitory assignment would appear to be moot. See Preiser v. Newkirk, 422 U.S. 395, 402–03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007). The Court is unable to discern any other form of injunctive relief Plaintiff may wish to seek.

Plaintiff has failed to state a claim for injunctive relief, but will be given leave to amend.

## V.  CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First

Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed August 22, 2014;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   October 30, 2014          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE