UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE D. JACKSON,<br><br>        Plaintiff,<br><br>   v.<br><br>DAVE DAVEY, et al.,<br><br>        Defendants. | CASE NO. 1: 14-cv-1311-LJO-MJS (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(ECF NO. 13)<br><br>THIRTY (30) DAY DEADLINE |

**SCREENING ORDER**

**I.     PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF Nos. 1 & 4.)

On August 22, 2014, Plaintiff filed his Complaint.  (ECF No. 1.)  The Court dismissed the Complaint with leave to amend.  (ECF No. 9.)  Plaintiff's First Amended Complaint is now before the Court for screening.  (ECF No. 13.)

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

### III.    SUMMARY OF COMPLAINT

Plaintiff is incarcerated at Corcoran State Prison ("CSP"), where the acts giving rise to his First Amended Complaint occurred.  He names the following individuals as Defendants: (1) the State of California, (2) California Department of Corrections and Rehabilitation ("CDCR"), (3) CSP, (4) Warden Dave Davey, (5) Correctional Plant Manager II Marshal Fechner, and (6) Does 1-10.

Plaintiff's allegations may be summarized essentially as follows:

From September 27, 2012 to approximately May 2014, Plaintiff was housed in a dorm contaminated with dust, debris, and hazardous material.  These conditions adversely affected Plaintiff's health.  During the same time period, Valley Fever was affecting the area where CSP is located.

Plaintiff filed numerous grievances and appeals regarding the air conditions without a satisfactory response.

On September 4, 2013, Defendant Fechner and others performed an inspection and confirmed the existence of debris and dust in the dorm.  Defendants delayed cleanup until November 5, 2013 and failed to test the material to determine its hazardous nature.  When Defendants attempted to clean the dorm, particles became airborne and affected Plaintiff and other occupants of the dorm.  The cleanup was discontinued.  Defendant Fechner falsely informed appeals examiners that the cleanup was completed satisfactorily, and therefore it never resumed.

On March 11, 2014, Defendant CDCR issued a memo acknowledging that Plaintiff presented as a "medium medical risk". (ECF No. 13 at 4.)

On July 23, 2014, Plaintiff was diagnosed with atelectasis, scarring of the lungs, and Chronic Obstructive Pulmonary Disorder.

Defendants CDCR and the State of California knew that African Americans, persons over 54 years old, and those with compromised immune systems are more susceptible to Valley Fever. Since Plaintiff is a 51-year-old African American with increased susceptibility to illnesses, Defendants knew that his placement at CSP and in an area with Valley Fever would further aggravate his health condition.

Defendants CSP, CDCR, and the State of California instituted and enforced a custom, policy, and practice of: (1) denying requests regarding conditions of confinement, (2) being deliberately indifferent to inmates who have a higher susceptibility to illnesses, (3) inadequately supervising, training, monitoring, and disciplining employees, and (4) failing to maintain and enforce policies and procedures regarding air cleanup and inmate health.

Plaintiff seeks compensatory and punitive damages and costs for violations of state law and his Eighth Amendment rights.

**IV.    ANALYSIS**

   **A.    Section 1983**

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (*quoting Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was

violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id*.

### B. The State and its Agencies as Defendants

Plaintiff names the State of California, CDCR, and CSP as Defendants in this action. States and "[s]tate agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)); *See also Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). CDCR and CSP are state agencies. Because a necessary element of a successful Section 1983 claim is that a "person" violated the plaintiff's constitutional rights, and the State of California, CDCR, and CSP are not "persons", Plaintiff cannot state a Section 1983 claim against these Defendants for any implementation or enforcement of a custom, policy, or practice or failure to train.

In addition, "[i]n the absence of a waiver by the state or a valid congressional override, 'under the [E]leventh [A]mendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.'" *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999) (*quoting Mitchell v. Los Angeles Cmty.*

*Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1989)). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court . . . ." *Id.* at 1025-26; *see also Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009). Accordingly, the Eleventh Amendment bars Plaintiff's Section 1983 claim against the State of California, CDCR, and CSP. Because amendment of this claim would be futile, the Court will dismiss Plaintiff's claims against these Defendants without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

### C. Linkage

Under Section 1983, Plaintiff must demonstrate that each Defendant personally participated in the deprivation of his rights. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). In other words, there must be an actual connection or link between the actions of the Defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 695 (1978).

Plaintiff names Doe Defendants 1-10. Plaintiff does not allege any facts related to these Doe Defendants or link any of these Doe Defendants to a violation of his constitutional rights. Plaintiff will be granted leave to amend. If Plaintiff wishes to proceed against these individuals, he must separate them and provide a unique identifier for each individual, *e.g.* John Doe 1, 2, 3, etc. Additionally, Plaintiff must plead specific facts as to what each of these individual John Doe Defendants did to violate his constitutional rights. He should allege when the violations occurred, by which Doe Defendant, and how the actions amounted to violations of his constitutional rights.

### D. Eighth Amendment

#### 1. Medical Indifference

A claim of medical indifference requires: 1) a serious medical need, and 2) a deliberately indifferent response by defendant. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). A serious medical need may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and

wanton infliction of pain.'" *Id.*; *see also McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

The deliberate indifference standard is met by showing: a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and b) harm caused by the indifference. *Id.* "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (*quoting Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (brackets omitted) (*quoting Gibson v, Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)). "[A]n inadvertent failure to provide adequate medical care" does not, by itself, state a deliberate indifference claim for § 1983 purposes. *McGuckin*, 974 F.2d at 1060 (internal quotation marks omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." *McGuckin*, 974 F.2d at 1060.

Plaintiff alleges that he was exposed to dust, debris, hazardous material and Valley Fever from September 27, 2012 to approximately May 2014 and that this

6

exposure adversely affected his health. However, Plaintiff fails to allege how the conditions adversely affected his health or what his serious medical need was during this time period. Plaintiff alleges that he was not diagnosed with any lung issues until after this period – in July 2014 – and it is not clear from Plaintiff's allegations that there is any link to the air conditions he was exposed to and his later diagnoses of atelectasis, scarring of the lungs, and Chronic Obstructive Pulmonary Disorder. It is also not entirely clear that the dust and debris Plaintiff was exposed to was in fact "hazardous". Plaintiff alleges that Defendants failed to test the material.

Additionally, Plaintiff has not plead facts to demonstrate that Defendants Fechner or Davey knew of any serious medical need that Plaintiff may have had and purposefully ignored or failed to respond to that need. Plaintiff concludes that a March 2014 memo indicating he was a "medium medical risk" should impute knowledge on Defendants that he would likely develop a pulmonary illness. Such speculation is insufficient to establish Defendants were deliberately indifferent. Moreover, it appears from Plaintiff's allegations that once he was diagnosed in July 2014 with serious medical conditions, he received medical follow-up and prescriptions to treat his conditions.

Plaintiff will be given **one more opportunity** to amend. If Plaintiff wishes to amend, he must allege what serious medical need he had, how Defendant Fechner or Davey knew of that need, and how they ignored or failed to respond to it.

### 2. Conditions of Confinement

The Eighth Amendment "protects prisoners . . . from inhumane methods of punishment . . . [and] inhumane conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and severe, prison officials must provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prisoner may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to

[environmental conditions] that pose an unreasonable risk of serious damage to his future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993).

The courts of this district have repeatedly found that confinement in a location where Valley Fever is prevalent, in and of itself, fails to satisfy the first element of an Eighth Amendment claim, *i.e.* that the condition poses an excessive risk of harm. *See, e.g.*, *Smith v. Yates*, 2012 WL 1498891, *2 (E.D. Cal. Apr. 27, 2012) (*citing King v. Avenal State Prison*, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009) ("[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health."); *See also Gilbert v. Yates*, 2010 WL 5113116, *3 (E.D. Cal. Dec. 9, 2010); *Willis v. Yates*, 2009 WL 3486674, *3 (E.D. Cal. Oct. 22, 2009).

Under those cases, a plaintiff seeking to state an Eighth Amendment conditions of confinement claim based on exposure to Valley Fever had to identify a factor that increased the risk of harm above the base line risk experienced by every individual incarcerated and working where the disease was prevalent. *See, e.g., Stevens v. Yates*, 2012 WL 2520464, *3 (E.D. Cal. June 28, 2012) (nearby construction disturbed soil); *Owens v. Trimble*, 2012 WL 1910102, *2 (E.D. Cal. May 25, 2012) (asthma); *Whitney v. Walker*, 2012 WL 893783, *2-4 (E.D. Cal. Mar. 15, 2012) (immune system compromised by cancer); *Thurston v. Schwarzenegger*, 2008 WL 2129767, *2 (E.D. Cal. May 21, 2008) (various medical conditions, including asthma, and race).

However, *Beagle v. Schwarzenegger*, 2014 U.S. Dist. LEXIS 107548, at *33-34 (E.D. Cal. July 25, 2014) recently rejected that approach and held:

> Plaintiffs need not demonstrate that they are at a higher risk of contracting Valley Fever or a more severe form of the disease to state an Eighth Amendment claim. Whether some groups are more susceptible to the disease than others in some way is not dispositive at the pleading stage for Eighth Amendment purposes. Although one group may be at more risk

8

> than another, they both may be at a constitutionally unacceptable level of risk. Plaintiffs here are all at risk of contracting Valley Fever. The Court finds that Plaintiffs need not, as a matter of law, identify a factor responsible for either increasing the risk of contraction or the severity of infection to state an Eighth Amendment claim.

Unpublished Ninth Circuit opinions support *Beagle*. *See Smith v. Schwarzenegger*, 393 F. Appx. 518, 519 (9th Cir. 2010) (*citing Helling*, the Court held that it was not inconceivable that the Plaintiff could allege a cognizable claim based on Valley Fever exposure); *Johnson v. Pleasant Valley State Prison*, 505 Fed. Appx. 631, 632 (9th Cir. 2013) ("[D]ismissal of [the plaintiff's] action was improper at [the pleading] stage because [the plaintiff] alleged that prison officials were aware that inmates' exposure to valley fever posed a significant threat to inmate safety yet failed to take reasonable measures to avoid that threat."); *Samuels v. Ahlin*, 2014 WL 4100684 (9th Cir. 2014).

Given the principals established by the more recent cases described above, Plaintiff no longer needs to allege particularly susceptibility to Valley Fever; mere exposure is sufficient to state a claim.  However, Plaintiff must still plausibly allege that Defendants exhibited deliberate indifference with regard to his confinement at a locale posing a risk of infection.

With respect to Plaintiff's claims regarding the dust, debris, and hazardous material, Plaintiff has not sufficiently alleged that he was exposed to inhumane conditions of confinement or a substantial risk of harm.  While he alleges the debris in the air contained "human waste such as hair, dead skin, cloth etc.," he fails to allege how it was hazardous in this regard or posed him harm.  (ECF No. 13 at 4.)  As noted above, it appears that the hazardous nature of the debris was unknown.Likewise, Plaintiff has not alleged that he contracted Valley Fever or that any of his lung illnesses were caused by any of the material in the air or related to Valley Fever.

Plaintiff alleges that Defendants knew of the risk presented by Valley Fever but failed to act.  However, there are no specific factual allegations describing what the Defendants knew, when they knew it, and how they failed reasonably to respond.  The

mere possibility that the Defendants committed misconduct is not sufficient to state a claim.  *Iqbal*, 556 U.S. 678-79.

The Court will grant Plaintiff **one final opportunity** to amend.  To state a claim he must describe how each Defendant is responsible for the violations alleged.  Conclusory statements will not suffice.  Plaintiff must allege specific facts demonstrating how the Defendants were aware that Valley Fever was prevalent and dangerous and how each Defendant failed to act, that is, set forth facts regarding what he or she could and should have done but failed to do.

### E.     State Law Negligence Claim

"Under California law, [t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages)."  *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (*quoting McGarry v. Sax*, 158 Cal.App.4th 983, 994 (Ct. App. 2008) (internal quotations omitted)).

Under the California Tort Claims Act ("CTCA"), Plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action.  Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).  Failure to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims.  *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1240 (2004).

Plaintiff cannot base a negligence claim on the above allegations against Defendants because he has not demonstrated compliance with CTCA claim filing requirements.  Additionally, Plaintiff has not stated a valid federal claim against any

10

Defendant. If Plaintiff chooses to amend and fails to allege a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his state law claim. 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

## V. CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief. The Court will grant Plaintiff one last chance to amend to cure the deficiencies, which Plaintiff believes, in good faith, are curable. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaint). Plaintiff should also keep in mind that he can only add parties not named in the original pleading if the claim or defense arises out of the same "conduct, transaction, or occurrence," and the party must have known "or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

If Plaintiff files an amended complaint, it should be brief, but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an "amended complaint supersedes the [prior]" complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). It must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Therefore, in an amended

complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Here, the amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint (ECF No. 13.) is DISMISSED;

2. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his signed First Amended Complaint filed November 28, 2014;

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim, failure to comply with a court order, and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).  *Silva v. Di Vittorio*, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   May 26, 2015                        /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE